**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**RENE COSMAS MONTGOMERY,**

             **Plaintiff,**

**v.**                                             **No. 2:09-cv-02174-JPM-cgc**

**GWENDOLYN HARRIS and**
**A. JELLISON,**

             **Defendants.**

**ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**
**AND INTERROGATORIES AND MOTION TO COMPEL THE DEFENDANTS UNDER**
**RULE 33 & 34 TO SUPPLEMENT ANSWERS TO INTERROGATORIES AND**
**PRODUCTION OF DOCUMENTS**

Before the Court is Plaintiff's "Request for Production of Documents and Interrogatories"

and "Motion Court to Compell [sic] the Defendants Under Rule 33 & 34 To Supplement Answers

to Interrogatories and Production of Documents," which was filed on January 24, 2011  (Docket

Entry "D.E." #49).[1] Plaintiff's Motion contains five discovery related requests: (1) photographs and

records of the wheelchair van and lift components; (2) incident reports; (3) medical records; (4)

"record of taping or recording for the whole day of May 29, 2008 for the salley port door area from

---

[1]  Plaintiff does not attach to the instant motion the Interrogatories and Requests for
Production of Documents or the allegedly incomplete Responses.  However, Plaintiff's First Set
of Interrogatories and Request for Production of Documents Propounded to the Defendant (D.E.
#36-1) and Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for
Production of Documents (D.E. #40-1), which include 216 pages of responsive documents, have
been filed with the Court in regard to previous discovery disputes in this case.  Thus, the Court
will address Plaintiff's instant motion based upon this information available to the Court.

1

12:01 am until after or at least 12 noon that day." Although Local Rule 7.2(a)(2) requires opponents

of a motion to file a response within fifteen days of the service of the motion, Defendants have not

responded to Plaintiff's Motion to date.

### 1. Photographs and Records of the Wheelchair Van and Lift

First, Plaintiff's motion states that he "has asked the defendant on several occasions for the

production of a clear copy of the photographs and records of the said wheelchair van and its lift

compartments." Plaintiff's Requests for Production 1, 2, and 7 pertain to this inquiry. Defendants

have responded that there are "no known . . . video recordings as to events alleged in this lawsuit"

and that all responsive photographs have been provided. (D.E. #40-1 at 202-211; Bates Stamped

0192-0201). Thus, Plaintiff's request to compel further production on this issue is DENIED.

### 2. Incident Reports

Next, Plaintiff's motion requests "clear copies of the incident reports in the cause from the

defendants" and argues that Defendants have not responded to the request. Plaintiff's Requests for

Production 5 and 6 pertain to this inquiry. Defendant's Response to Request 5 is that they will

supplement this response at a later date. In response to Request 6, Defendant provided the

responsive reports. (See D.E. #40-1 at 212-225; Bates Stamped 0202-0215). Upon review, it

appears to the Court that Defendants have provided all responsive documents to Plaintiff's requests

and guaranteed to provide any supplemental information. Thus, because Defendant has already

responded to this request, Plaintiff's request to compel further production on this issue is DENIED.

### 3. Medical Records

Next, Plaintiff's motion requests copies of the medical records in possession of Defendants'

attorney and CCA Mason. None of Plaintiff's Interrogatories or Requests for Production request

this information.   Accordingly, Plaintiff's request to compel further production on this issue is DENIED.

### 4. Videotape of Salleyport Door

Next, Plaintiff requests "the record of taping of recording for the whole day of May 29, 2008 for the salley port door area from 12:01 am until after or at least 12 noon that day or any other [video] camera that could show a view of that area of the salley port drive such as the camera showing the salleyport parking lot area from any other view at and for the same times requested." Plaintiff's Requests for Production 1 and 2 did request "recordings" and "video recordings" of "the issues involved in this lawsuit," to which Defendant responded that there are "no known . . .video recordings pertaining to the issues alleged in this lawsuit."   Thus, because Defendant has already responded to this request, Plaintiffs request to compel production is DENIED.

### 5. Training of Officers Jellison and Harris

Finally, Plaintiff asserts that he has not received information regarding the training of Officers Jellison and Harris to serve as transport officers.   Specifically, Plaintiff's Motion states that he had requested "from the defendants . . . a copy of any and all certification on [the] transporting officers Jellison and [H]arris of the dates and certifying officials who certified them in the operations of the wheel chair van."   Plaintiff states that the only response he has received was that Officer Jellison was routinely used and was trained on the wheel chair van while employed with the Tennessee Department of Corrections.   Plaintiff states that he "would like proof of that training," would like information for Officer Harris, for "which no answer was given," would like to know if Officer Harris or Officer Jellison received training from CCA Mason, and would like the "dates of that training and who trained them."

Upon review, Plaintiff's Interrogatories 12 and 16 and Plaintiff's Request for Production 9 request certain information on Officers Jellison and Harris's training.  Defendant's Responses include 153 pages of records of the officers' training.  (See D.E. #40-1 at 50-201, Bates Stamped 0040-0191).  Defendant's further state that "while Defendant Jellison was employed by the Tennessee Department of Correction from 1990 to 2007 he was trained on and routinely used this type of wheelchair lift."  (See D.E. #40-1 at 4).  It appears to the Court that Defendants have provided all information they have that is responsive to Plaintiff's request.  Thus, because Defendant's have already responded to this request, Plaintiff's request to compel further production on this issue is DENIED.

**IT IS SO ORDERED** this 14th day of March, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

4